IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eloise McCollough, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   09 C 6973 |
| | ) | |
| Zwicker & Associates, P.C., a | ) | |
| Massachusetts corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Eloise McCollough, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.    Plaintiff, Eloise McCollough ("McCollough"), is a citizen of the State of Florida from whom Defendant attempted to collect a delinquent consumer debt owed on a Chase Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Zwicker was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. From Defendant Zwicker's offices in Illinois, Georgia, Texas, New York, Maryland, and Massachusetts, it operates a nationwide debt collection business and attempts to collect delinquent debts from consumers throughout the country, including consumers in the State of Illinois. Defendant Zwicker's Illinois office is located in Lincolnwood, Illinois, from which it regularly conducts business in Illinois. See, printouts from Zwicker's web site, which are attached as Group Exhibit A.

6. In fact, Defendant Zwicker is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Ms. McCollough is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt owed for a Chase Bank credit card. When Defendant Zwicker began trying to collect it from Ms. McCollough, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Zwicker's collection actions.

8. On December 30, 2008, one of Ms. McCollough's attorneys at LASPD wrote to Zwicker, informing Zwicker that Ms. McCollough was represented by counsel, and directing Zwicker to cease contacting her, and to cease all further collection actions

because Ms. McCollough was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on October 19, 2009, one of Defendant Zwicker's debt collectors, "Delores", directly called Ms. McCollough and left a message demanding that she call the collector back at 1-800-370-2251, extension 5721, regarding payment of the Chase Bank credit card debt.

10. Accordingly, on October 26, 2009, Ms. McCollough's LASPD attorney had to send Defendant Zwicker another letter to cease communications and collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. All of Defendant Zwicker's collection actions at complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

3

15. Here, the letter from Ms. McCollough's agent, LASPD, told Defendant Zwicker to cease communications and to cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Zwicker violated § 1692c(c) of the FDCPA.

16. Defendant Zwicker's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Zwicker knew that Ms. McCollough was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. McCollough (Exhibit C). By directly calling Ms. McCollough, despite being advised that she was represented by counsel, Defendant Zwicker violated § 1692c (a)(2) of the FDCPA.

20. Defendant Zwicker's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Eloise McCollough, prays that this Court:

1. Find that Defendant Zwicker's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, McCollough, and against Defendant Zwicker, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eloise McCollough, demands trial by jury.

                        Eloise McCollough,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

Dated: November 5, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5